Of Counsel:

J. BLAINE ROGERS                 8606
MORGAN EARLY                    10104
ALSTON HUNT FLOYD & ING
Attorneys at Law
A Law Corporation
1001 Bishop Street, Suite 1800
Honolulu, Hawai`i  96813
Telephone: (808) 524-1800
Facsimile: (808) 524-4591
E-mail:    brogers@ahfi.com
               mearly@ahfi.com

DANIEL M. GLUCK                 7959
LOIS K. PERRIN                       8065
ACLU OF HAWAII FOUNDATION
P.O. Box 3410
Honolulu, Hawai`i 96801
Telephone:  (808) 522-5905
Facsimile:  (808) 522-5909
E-mail: lperrin@acluhawaii.org

SANDRA PARK*
BRIAN HAUSS*
MICHAELA WALLIN*
LENORA M. LAPIDUS*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad St., 18th Fl.
New York, NY 10004
Telephone:  (212) 519-7871
E-mail:  spark@aclu.org
* Motions for Admission *Pro Hac Vice* Forthcoming

Attorneys for Plaintiff
JANE DOE

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII



| ▬▬▬▬▬ [JANE DOE], | Civil No. |
|---|---|
| Plaintiff, | (Other Civil Action) |
| vs. | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES; SUMMONS IN A CIVIL CASE** |
| ▬▬▬▬▬ [DOE UNIVERSITY], | |
| Defendant. | **JURY TRIAL DEMANDED** |

**\*\*\*LODGED WITH COURT UNDER SEAL PURSUANT TO L.R. 83.12\*\*\***

## COMPLAINT

Plaintiff ▬▬▬▬▬ [JANE DOE] ("Plaintiff"), by and through her attorneys, alleges as follows:

## INTRODUCTION

1.      As a condition of receiving federal funds to support its institution, Defendant ▬▬▬▬▬ [DOE UNIVERSITY] ("University") is required to comply with Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq. ("Title IX").  It is also subject to the Fair

Housing Act, Title VIII of the Civil Rights Act of 1968, 42 U.S.C. § 3601 et seq.

("FHA"), for the dwellings it operates, including campus housing.

2.     The Title IX statutes and Department of Education regulations

provide certain ████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████

3.     Title IX places certain obligations upon educational institutions with

regard to their treatment of sexual assault victims, including provisions that

prohibit retaliation against victims of sexual abuse.

4.     The FHA prohibits housing discrimination based on sex in campus

housing.  Discrimination against survivors of gender-based violence can be a form

of sex discrimination.

5.     On ████████, 2015, after expressly determining that Plaintiff was the

victim of a sexual assault committed by another student, University's ████████

████████████████████████████, acting on behalf of University,

informed Plaintiff that:  (████████████████████████████████████

████████████████████████████████ (2) she was being evicted

from her dormitory on campus and was required to move off campus within seven

days; and (████████████████████████████████████████

6.     These actions violate both Title IX and the FHA.

## JURISDICTION AND VENUE

7.     This action is brought pursuant to 20 U.S.C. § 1681 et seq. (Title IX) and 42 U.S.C. § 3601 et seq. (Fair Housing Act).

8.     This Court has jurisdiction in this case pursuant to 28 U.S.C. §§ 1331, 1343.

9.     This Court is authorized to order declaratory and injunctive relief pursuant to Rules 57 and 65 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201, 2202.

10.     Venue is properly in this District pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district, and the events giving rise to these claims occurred in this District.

## PARTIES

**Plaintiff:**

11.     Plaintiff resides in a campus dormitory operated by University,

12.   Plaintiff ███████████████ to attend University, ████

████████████████████████████████████████████████████

████████████   She ████████████████████████████

████████████

13.   During her time as a student ████████████████, Plaintiff has

maintained ██████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████

████████

14.   Plaintiff has been an upstanding member of the University

community, ██████████████████████████████████████

████████

15.   Plaintiff currently ████████████████████████████████

████████████████████████████████████████

16.   ████████████████████████████████████████

████████████████████  ████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

**Defendant:**

17.   University is ███████████████████████████

███████████████████████████████████████

█████████████████████████████████████████████

█████████

18.   University receives federal funding. ████████████████

████████████████████████████████████████████

██████████████████████████████

19.   University's ███████████████████████████████

███████

20.  ████████████████████████████████████

█████████████████████████████████████████████

████████████████████████████████████████

██████

21.  ████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

█████████████████████████████████████████████

██████



22. Students attending University ████████████

████████████████████████████

████████████████████████████

████████████

23. ████████████████████

████████████████████████████

████████████████████████████

████████████████████████████

████████

24. ████████████████████

████████  ████  ████



25.     At the time of the events complained of herein, ███████████ ████████████████████████████████████ and members of the ███████████████████████ acted as agents and/or employees of University, acting or failing to act within its scope, course, and authority.

26.     University is responsible for ensuring that all its employees and agents are properly trained and supervised to perform their jobs in accordance with the law.  University is also responsible for the acts and omissions of its employees and agents.

**FACTUAL ALLEGATIONS**

27.     Plaintiff enrolled as a student at University in ███████████ ████████████████████████████████████ ███████████████████████

28.     In ████████, 2014, Plaintiff was introduced to a fellow student █ ███████████████████████

29.     ███████████████████████ Plaintiff started to experience emotional and mental abuse by the student.

30.     This abuse turned physical on ███████████ 2014, when he raped Plaintiff.

31.    Since this incident, Plaintiff's life has changed dramatically as she struggles to cope with the stresses and emotional devastation that impact the victims of sexual assault.

32.    

33.    ▮▮▮▮ did not immediately report the rape in a formal manner to her school or the police.

34.    On ▮▮▮▮ 2015, Plaintiff's abuser physically assaulted Plaintiff. He struck her multiple times and left visible bruises.

35.    Plaintiff , 2015.

36.    Upon information and belief, the next day, ▮▮▮▮ 2015, a supervisor of Plaintiff's dormitory, whom Plaintiff told about the rape in ▮▮▮▮ reported the ▮▮▮▮ to the school's ▮▮▮▮.

37.    ▮▮▮▮ contacted Plaintiff with regard to whether there should be a Title IX investigation into the ▮▮▮▮ incident.  Plaintiff hesitated, but

informed ████████████████████████ 2015, that she had decided to go forward with the investigation.

38.    University did not notify Plaintiff about the procedures for the investigation or her options moving forward after she filed a complaint.  Plaintiff was given conflicting and confusing versions of how the investigation would proceed, when it would conclude, whether and how she could participate, whether she could appeal its final decision, and the impact the investigation would have on her life as a student at the university.

39.    The investigation started soon after the attack on ███████  It sought to determine, pursuant to Title IX, whether sexual harassment or misconduct had occurred in █████ 2014.  Plaintiff and others were interviewed as part of the investigation.

40.    On ████████████████████████████████████
███████████████████████████████████████████
████████████████████████████.  Upon information and belief, ████████
███████████████████████████
████████████████████████████
████████████████████████████
████████████████████████████



41.

42.   Later that same day, Plaintiff met with

43.

44.

45.   Plaintiff informed ▮▮▮▮▮▮▮ that the sex was not consensual, and that she had been raped.

46.

47. ██████████████████████████████████████

████████████████████████████████████████████

██████

48. Three days later, ███████████████████████

████████████████████████████████████████████

████████████████████████████████████

██████████████████████████

49. ██████████████████████████████

██████████████

50. ██████████████████████████████████

████████████████████████████████████████████

██████████████████

51. Plaintiff was humiliated, embarrassed, and felt threatened. ██████

████████████████████████████████████████████

████████████████████████████████ She had nobody to turn to

and struggled ████████████████████████████████

52. On ████████████████ 2015, Plaintiff arranged a meeting with

████████████████████████████████████████████

██████████████████████████████

53. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

54. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

55. On ▓▓▓▓▓▓ 2015, the University completed its Title IX investigation into the ▓▓▓▓▓▓ assault. Plaintiff received a letter from ▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ setting forth the University's conclusion that a Title IX violation occurred. It informed Plaintiff that ▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

56. The letter went on to inform Plaintiff that because ▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓

57. The letter then stated:





58.    Upon receiving this letter, Plaintiff felt humiliated, confused, and

betrayed by ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮

59.    Overwhelmed with the prospect of having to find new housing off-

campus and move out of her dormitory ▮▮▮▮▮▮ she experienced even

greater feelings of depression, isolation, and despair.

60.    As a result of this emotional trauma, as well as the trauma from the

assaults she suffered, Plaintiff ▮▮▮▮▮ ▮▮▮▮▮▮

▮▮▮▮▮▮▮

61.    Fortunately, Plaintiff has maintained her status in the courses ▮

▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮

62.    Every day since her attacks, Plaintiff ▮▮▮▮▮▮

▮▮▮ ▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮

▮ Plaintiff has relied on this ▮▮▮▮▮▮▮

▮▮▮▮▮ for safety.

## DECLARATORY AND INJUNCTIVE RELIEF

63.    An actual and immediate controversy has arisen and now exists

between Plaintiff and University, in which the parties have genuine and opposing

interests and which interests are direct and substantial.  University has failed, and

continues to fail, to comply with Title IX and the FHA for the reasons set forth

herein.  Plaintiff is thus entitled to a declaratory judgment, as well as such other

and further relief as may follow from the entry of such a declaratory judgment.

64.    Plaintiff has no adequate remedy at law.  Unless enjoined by the

Court, University will continue to infringe Plaintiff's rights and will continue to

inflict irreparable injury.  This threat of injury to Plaintiff from continuing

violations requires preliminary and permanent injunctive relief.

**FIRST CLAIM FOR RELIEF**
**Violation of Title IX**
**(University's Deliberate Indifference to Alleged Sexual**
**Harassment and Retaliation)**
**(Actionable Pursuant to 20 U.S.C. § 1681 et seq.)**

65.    Plaintiff realleges and incorporates by reference all preceding

paragraphs.

66.    University receives federal funding, thereby subjecting it to the

requirements set forth in Title IX of the Education Amendments of 1972, 20

U.S.C. § 1681 et seq.

67.   In its letter dated ▮▮▮▮▮, 2015, University confirmed through its ▮▮▮▮▮▮▮▮▮▮▮ that its investigation concluded that Plaintiff had suffered a sexual assault.

68.   In the same letter, University stated its intent to: ▮▮▮▮▮▮▮▮▮▮



69.   Title IX prohibits a college or university from creating and/or subjecting a student to a hostile educational environment.  University created and/or subjected Plaintiff to a hostile educational environment in violation of Title IX because:

a)  Plaintiff was a member of a protected class;

b)  She was subjected to sexual harassment in the form of gender-based violence, including sexual violence, by another student that was severe, pervasive, and objectively offensive;

c)  She was subjected to a hostile educational environment created by University's failure to properly address the sexual assault, failure to provide her with an equitable resolution of her Title IX investigation, and retaliating against her.

70.    University had actual knowledge that Plaintiff experienced gender-based violence.  Indeed, University reached a formal determination that Plaintiff was a victim of sexual misconduct.

71.    University showed, at a minimum, deliberate indifference to the sexual harassment ███████████████████████████████ evicting her from her campus housing following her report of the harassment.

72.    Title IX also prohibits a college or university from retaliating against a student who reports sexual violence.

73.    University retaliated against Plaintiff by evicting her from her campus housing and depriving her of equal access to her education, ████████████ ████████████████████████████████████ ███████

74.    University has further violated the provisions of Title IX in ways including, but not limited to, the following:

    (a) Failing to provide Plaintiff with information about the procedures for the investigation into her sexual assault, how it would proceed, when it would conclude, how she could appeal the final decision, and the impact the investigation would have on her life as a student;

(b) Failing to provide training and supervision to its employees and
agents regarding their obligations under federal law towards
victims of sexual violence under Title IX, including the prohibition
on retaliation;

(c) Endangering Plaintiff by forcing her to leave the protection of her
home on campus.

## SECOND CLAIM OF RELIEF
### Violation of the Fair Housing Act
### (Sex Discrimination in Campus Housing)
### (Actionable Pursuant to 42 U.S.C. § 3601 et seq.)

75.    Plaintiff realleges and incorporates all preceding paragraphs.

76.    University is subject to the FHA in its operation of dwellings on
campus, such as dormitories.  The FHA makes it unlawful to refuse to rent or take
other action that makes unavailable or denies housing on the basis of sex, 42
U.S.C. § 3604(a), and to discriminate against any person in the terms, conditions,
or privileges of renting a dwelling on the basis of sex, 42 U.S.C. § 3604(b).

77.    The FHA's prohibition against discrimination in housing on the basis
of sex includes housing discrimination against victims of gender-based violence,
which is often based on gendered stereotypes, can result in disparate treatment of
women, and has a disparate impact on women.

78.    In its letter dated ▮▮▮▮▮ 2015, University confirmed that its
investigation concluded that Plaintiff had suffered a sexual assault.

79.  In the same letter, University stated its intent to evict Plaintiff ▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮

80.  University intentionally discriminated based on sex against Plaintiff by evicting her after she reported  – and University concluded –  that she was a victim of gender-based violence.  University's action blames Plaintiff for violence she experienced and places her in greater danger, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮

81.  University's practice of evicting a student from campus housing after she reported sexual violence has a disparate impact on women because women make up the vast majority of victims of sexual assault.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

1.  Assume jurisdiction over this action;

2.  Issue a declaratory judgment stating that University has violated Title IX and the FHA;

3.  Issue injunctive relief requiring University to take effective steps to

prevent sex-based discrimination and harassment, including sexual assault and other forms of gender-based violence; implement clear procedures for victims of sexual assault to follow when reporting incidents; appropriately respond to all reported incidents; and train and supervise its employees and agents regarding the school's obligations towards victims of sexual violence under Title IX and FHA, including prohibitions on retaliating against students who report sexual violence or evicting them after they report.

4.      Issue a temporary restraining order, and preliminary and permanent injunctions enjoining University (and its divisions, officers, servants, employees, attorneys, agents and representatives) from subjecting Plaintiff to further discrimination and retaliation as set forth herein, including but not limited to an injunction that prohibits University from: (1) removing Plaintiff from her current on-campus housing; (█████████████████████████████████

████████████████████████████████████████████████

████████████████████████████

5.      Retain jurisdiction over University until such time as the Court is satisfied that University's unlawful conduct complained of herein has ceased and will not reoccur;

6.      Award compensatory and punitive damages to Plaintiff for the violations set forth herein;

       7.     Award costs and reasonable attorneys' fees pursuant to 42

U.S.C. § 1988 and 42 U.S.C. § 3613(c), and any other applicable statute or

doctrine; and

       8.     Award such other relief as the Court may deem proper.

     DATED: Honolulu, Hawai`i, __3/18/15__.


                  __/s/ Morgan Early_____
                  J. BLAINE ROGERS
                  MORGAN EARLY
                  ALSTON HUNT FLOYD & ING

                  DANIEL M. GLUCK
                  LOIS K. PERRIN
                  ACLU OF HAWAII FOUNDATION

                  SANDRA S. PARK*
                  MICHAELA WALLIN*
                  LENORA M. LAPIDUS*
                  ACLU WOMEN'S RIGHTS PROJECT

                  BRIAN HAUSS*
                  ACLU CENTER FOR LIBERTY

                  * Motions for Admission *Pro Hac Vice*
                    Forthcoming

                  Attorneys for Plaintiff
                  JANE DOE